IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **CINDY LAINE FRANKLIN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| **vs.** | ) | Civil Action Number |
| | ) | **2:12-cv-03646-AKK** |
| **CHRIS CURRY, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Cindy Franklin alleges violations of state and federal law arising out of a sexual assault she suffered while detained in the Shelby County Jail against Shelby County Sheriff Chris Curry ("Sheriff Curry"), Correctional Officer Michael Keith Gay ("Officer Gay"), Chief Deputy John Samaniego ("Officer Samaniego"), Division Commander of Administration Ken Burchfield ("Officer Burchfield"), Division Commander of Corrections Jay Fondren ("Officer Fondren"), Division Commander of Uniform Chris Corbell ("Officer Corbell"), and Division Commander of Investigations Chris George ("Officer George"). *See* doc.1.  Defendants Curry, Samaniego, Burchfield, Fondren, Corbell and George seek dismissal of all claims against them on the basis of failure to state a claim

upon which relief can be granted, qualified immunity, and absolute immunity. Doc. 4. As discussed more fully below, the court finds that Defendants' motion is due to be **DENIED**.

## I. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 129 S. Ct. at 1949 (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.*, at 1949 (citing *Bell Atl. Corp.*, 550 U.S. at 557).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at

1949 (citations and internal quotation marks omitted).  A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted).  The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Bell Atl. Corp.*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level.").  Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.

## II. PROCEDURAL AND FACTUAL BACKGROUND[1]

On October 19, 2010, Cindy Franklin was transported from Chilton County to the Shelby County Jail as a pretrial detainee.  Doc. 1 at ¶ 14.  While fingerprinting and photographing Franklin, Officer Gay told her "I want to see your rug." *Id*. at ¶ 18.  Franklin responded that Officer Gay "would get in trouble" because he could not speak to her that way, but Officer Gay purportedly told her "there is nothing you can do" and placed Franklin's hand on his penis. *Id*.

---

[1] "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993)).  However, legal conclusions unsupported by factual allegations are not entitled to that assumption of truth. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009).

Franklin objected and asked Officer Gay to leave her alone. *Id.* Following this incident, Officer Gay placed Franklin in a holding cell with a mattress on the floor and gave her a blanket. *Id.* at ¶ 19. Some time later, Franklin alleges that she "was jolted awake to find [Officer] Gay on top of her" with his pants unzipped. *Id.* at ¶ 20. According to Franklin, despite her resistance, Officer Gay then leaned down onto his knees and held Franklin's head while he forced his penis into her mouth. *Id.*

Afterwards, Franklin called and reported the attack to her boyfriend and her parole officer. *Id.* at ¶¶ 21-22. In response, Officer Samaniego spoke with Franklin about the incident. *Id.* at ¶ 23. Franklin also believes that Sheriff Curry, or another officer working under him, notified the Alabama Bureau of Investigation ("ABI"), who obtained a statement from Franklin and instituted a formal investigation into her allegations against Officer Gay. *Id.* at ¶ 24. During the course of the investigation, Franklin learned that Officer Gay purportedly abused another female inmate and had inappropriate sexual relations with yet another. *Id.* at ¶ 25. Following the investigation, Officer Gay resigned. *Id.* at ¶ 26.

### III. ANALYSIS

In her complaint, Franklin asserts claims against Defendants under state and

federal law arising from the purported assault by Officer Gay.  Doc. 1.  However, Franklin concedes that Defendants are due absolute immunity under Alabama law, doc. 15 at 2, and, therefore, count five of the complaint, for negligent supervisory practices, is **DISMISSED**.  The court, however, disagrees that count one is likewise due to be dismissed for Defendants.

In count one, Franklin alleges that Defendants are liable under 42 U.S.C. § 1983 for the alleged violation of her "clearly established constitutional right to be free from sexually-motivated physical assaults, sexual harassment, and abuse."  Doc.1 at 6.  Franklin alleges further that Defendants "knew or should have known" of her right and that Officer Gay was sexually harassing and assaulting and engaging in inappropriate sexual relations with female inmates and detainees. *Id*. at 7, 10.  Defendants contend that this count fails because Franklin failed to meet the pleading standards of *Iqbal* and Rule 8, and because they are entitled to qualified immunity.  Doc. 4.

**A.    Pleading Standard for § 1983 Actions**

Defendants allege that Franklin's claim fails under *Iqbal* because it is premised on a "knowledge and acquiescence" theory, which is insufficient to support a claim under § 1983 against supervisory officials for a constitutional violation premised upon the acts of a subordinate employee.  Doc. 5 at 5.  Indeed, "[i]n order to prevail on the merits in a § 1983 action against a defendant in his individual capacity, the plaintiff generally must show that he was personally involved in acts or omissions that resulted in the constitutional deprivation."

5

*Lloyd v. Van Tassell*, 318. Fed. Appx. 755, 760 (11th Cir. 2009).  Moreover, "[s]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Id*. (internal quotation marks and citations omitted).   Instead, to establish supervisory liability under § 1983, a plaintiff must allege that "the supervisor personally participat[ed] in the alleged unconstitutional conduct" or that "there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." *Id*. (*quoting Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003)).  This type of causal connection can be shown where "(1) the supervisor was on notice, by a history of widespread abuse, of the need to correct a practice that led to the alleged deprivation, and he failed to do so; (2) the supervisor's policy or custom resulted in deliberate indifference; (3) the supervisor directed the subordinate to act unlawfully; or (4) the supervisor knew the subordinate would act unlawfully and failed to stop the unlawful action." *Id*.

Defendants' argument that Franklin failed to meet the above standard is unavailing. Franklin's complaint sufficiently alleges that Defendants are liable under § 1983 because there is a causal connection between their actions and Officer Gay's alleged conduct.  With respect to Sheriff Curry, Franklin states in her complaint that Sheriff Curry "knew or should have known of [Officer] Gay's pattern and practice of sexual assault, misconduct, harassment, or abuse of female inmates or detainees[,]"  that he "is the chief policy maker for the Shelby County Jail and for the [officers] he supervises or whose actions he or his designee

controls[,]" that he "failed to promulgate, to adopt, to implement or to enforce the policies, rules or regulations to safeguard female inmates or detainees' constitutional right[,]" and that this failure "constitutes deliberate indifference . . . to the substantial risk of serious harm to female inmates or detainees[.]" Doc. 1 at 8-9. In other words, Franklin alleges that a causal connection exists because Sheriff Curry was on notice of Officer Gay's alleged conduct and the need to correct this practice, but failed to do so, and because Sheriff Curry's policy or custom resulted in deliberate indifference.  With respect to Officers Samaniego, Burchfield, Fondren, Corbell and George, Franklin alleges that they too knew or should have known of Officer Gay's pattern of inappropriate conduct with female detainees and inmates but "were deliberately indifferent to the substantial risk of serious harm to female inmates or detainees resulting from their failure to adequately staff, train, supervise the [officers] or their failure to ensure that [the officers] working in the Shelby County Jail did not and do not violate the clearly established constitutional right to be free from sexually-motivated physical assaults[.]" *Id*. at 10-11.  Therefore, Franklin alleges that Officers Samaniego, Burchfield, Fondren, Corbell and George were also on notice of Officer Gay's alleged conduct and the need to correct this practice, but failed to do so, and that their custom, failure to adequately supervise, resulted in deliberate indifference.

    Additionally, the court disagrees with Defendant's contention that Franklin's complaint does not comply with Rule 8 and *Iqbal*'s "plausibility standard."  Defendants base this argument on Franklin's purported failure to allege

7

facts attributable to each defendant individually. Doc. 5 at 11. However,"the pleading standard Rule 8 announces does not require 'detailed factual allegations[.]'" *Iqbal*, 556 U.S. at 678. Instead, Franklin need only "plead[] factual content that allows the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Id*. As discussed above, Franklin has pled sufficient factual content to allow the court to reasonably infer that Defendants are liable for the alleged constitutional deprivation she suffered because they purportedly failed to act as necessary within their supervisory roles. Whether Franklin can ultimately prove her claims is a different matter. For now, the court finds only that Franklin pled her complaint with sufficient facts to survive the motion to dismiss. Accordingly, Defendants motion with respect to an alleged pleading deficiency is **DENIED**.

B.  **Qualified Immunity**

"Qualified immunity protects municipal officers from liability in § 1983 actions as long 'as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Lewis v. City of W. Palm Beach,* 561 F.3d 1288, 1291 (11th Cir. 2009) (*quoting Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)). Although this defense is ordinarily raised at the summary judgment stage, it can be granted when raised in a motion to dismiss "if the 'complaint fails to allege the violation of a clearly established constitutional right.'" *St. George v. Pinellas Cnty.,* 285 F.3d 1334, 1337 (11th Cir. 2002) (*quoting Chesser v. Sparks,* 248 F.3d 1117, 1121 (11th Cir. 2001)). As set

forth more fully above, Franklin alleges in her complaint that Defendants knew or should have known of Officer Gay's pattern of conduct, that Franklin had a clearly established right to be free from sexual assault while a detainee at the Shelby County jail, and that Defendants' supervisory conduct caused the constitutional deprivation Franklin suffered. Accordingly, the court finds that Franklin pled sufficient facts to defeat Defendants' claim of qualified immunity at this juncture, and Defendants' motion is **DENIED**.

## IV. CONCLUSION

For the reasons stated above, count five of the complaint, alleging a state law claim for negligent supervisory practices, is **DISMISSED**, and Defendants' motion to dismiss is otherwise **DENIED**. The parties are directed to meet and confer as required by Fed. R. Civ. P. 26 and to submit to the court a report of their planning meeting by **January 14, 2013.**

**DONE** this 27th day of December, 2012.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE